ERNEST GEORGE BLAND V. STATE.

No. 24436. October 19, 1949.
Rehearing Denied November 23, 1949.

*Bowen C. Tatum*, of Dallas, for appellant.

*R. R. Donaghey*, District Attorney, and *Ernest S. Goens*, State's Attorney, of Austin, for the state.

ON MOTION FOR REHEARING.

KRUEGER, Judge.

Appellant was convicted in the district court of Hardeman County on an indictment charging him with burglary and several former convictions; and his punishment was assessed at confinement in the state penitentiary for life as authorized by Art.

63, P. C., from which judgment of conviction he appeals to this court.

On the 24th day of June, 1949, this court affirmed the judgment of the trial court. Thereafter, on the 5th day of July, 1949, he filed his original motion for a rehearing, and on the 17th day of September, 1949, he filed his first amended motion for a rehearing. On the 5th day of August, 1949, while his case was pending in this court on a motion for rehearing, appellant, who was in the custody of the sheriff of Dallas County, Texas, made his escape and did not voluntarily return to the custody of the sheriff of Dallas County; but, on the 26th day of August, 1949, he was recaptured at Joplin, in the State of Missouri, and brought back to the State of Texas. The district attorney of Hardeman County has filed a motion to dismiss the appeal accompanied by an affidavit of the sheriff of Dallas County from whose custody appellant made his escape.

Art. 824, C. C. P., provides as follows:

"If the defendant, pending an appeal in a felony case, makes his escape from custody, the jurisdiction of the Court of Criminal Appeals shall no longer attach in the case. Upon the fact of such escape being made to appear, the court shall, on motion of the State's attorney, dismiss the appeal; but the order dismissing the appeal shall be set aside if it is made to appear that the defendant has voluntarily returned within ten days to the custody of the officer from whom he escaped; and in cases where the punishment inflicted by the jury is death or confinement in the penitentiary for life, the court may in its discretion reinstate the appeal if the defendant is recaptured or voluntarily surrenders within thirty days after such escape.

It will thus be noted that the appellant, who was under a life sentence, made his escape from custody and fled to the State of Missouri where, after the expiration of twenty-one days from the date of his escape, he was recaptured. Therefore, the jurisdiction of this court ceased to be attached. However, under the above quoted statute, it is within the discretion of the court to reinstate his appeal. In the instant case there is no good cause shown why the appeal should be reinstated and this court, in the exercise of its discretion, declines to do so. Therefore, the original opinion rendered herein by this court on the 24th day of June, 1949, is hereby withdrawn, the judgment of affirmance is set aside, and the appeal is dismissed. In support of the conclusion here expressed, we refer to the case of Whatley v. State, 137 Tex. Cr. R. 513 (136 S. W. 2d 860).

Opinion approved by the court.

## ON MOTION TO REINSTATE APPEAL.

GRAVES, Judge.

Appellant has urged this court to again review this cause and to exercise its statutory given power of discretion in his favor by reinstating his appeal. We see no grounds for leniency or the change of our discretion. The testimony shows three separate convictions for a felony less than capital. It also shows an unsuccessful attempt to escape from the Hardeman County jail, and, later, a successful escape from the Dallas County jail, to which he had been transferred, and his apprehension in the State of Missouri on August 26, 1949, he having been at large for 21 days and did not voluntarily return. Therefore, we see no valid reason why we should change the exercise of our discretion in this matter.

The motion will be denied.